IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WENDELL MAGRAFF,

      Plaintiff,                No. CIV S-07-1505 LKK GGH P

   vs.

SOLANO COUNTY SUPERIOR
COURT, et al.,                    ORDER AND

      Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). On July 25, 2007, this action was transferred to this court by the United States District Court for the Northern District of California.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.

1

1 § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding 2 month's income credited to plaintiff's prison trust account. These payments shall be collected 3 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in 4 plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief 6 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 7 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised 8 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be 9 granted, or that seek monetary relief from a defendant who is immune from such relief. 28 10 U.S.C. § 1915A(b)(1),(2).

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. 12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 13 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an 14 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 15 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully 16 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th 17 Cir. 1989); Franklin, 745 F.2d at 1227.

18       A complaint, or portion thereof, should only be dismissed for failure to state a 19 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set 20 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & 21 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also 22 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing 23 a complaint under this standard, the court must accept as true the allegations of the complaint in 24 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the 25 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. 26 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1   Plaintiff challenges the validity of his criminal conviction. As relief, he seeks the
2 reversal of the charges and money damages. In a civil rights action, the court cannot order
3 reversal of criminal charges as relief. Plaintiff must instead file a petition for writ of habeas
4 corpus pursuant to 28 U.S.C. § 2254.[1]

5   In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state
6 prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county
7 officials violated his constitutional rights, he sought damages for improprieties in the
8 investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial
9 ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter
10 charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from
11 custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the
12 complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under 1983.

19 Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for
20 damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the
21 conviction or sentence has been invalidated, expunged or reversed. Id.

22   Because plaintiff's conviction has not been invalidated, expunged or reversed, his
23 claim for damages is barred pursuant to Heck.

---

[1] Court records indicate that on June 12, 2007, the United States District Court for the Northern District of California transferred to this court a habeas corpus petition filed by plaintiff challenging the validity of his conviction.

3

Because plaintiff cannot cure any of the pleading defects discussed above, the court recommends that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/8/07

/s/ Gregory G. Hollows
───────────────────────────
UNITED STATES MAGISTRATE JUDGE

mag1505.dis